UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALMA S. ATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-369-JRG-CCS |
| | ) | |
| CHARLES G. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Extension of Time Within Which to Serve Defendant [Doc. 14]. For grounds, Plaintiff states that she initiated service on Defendant, who is a resident of Georgia, through the Tennessee Secretary of State. On or about October 3, 2017, Plaintiff received notice that Defendant was no longer residing at the address provided in the Summons. Plaintiff resubmitted the original Summons with express instructions to the Secretary of State to send the Summons to a new address. On October 27, 2017, Plaintiff was again notified that service had not been effected and that the Secretary of State sent the Summons to the original address, despite Plaintiff's explicit instructions to serve at the new address. Plaintiff obtained an Alias Summons to serve at the new address and sent the Alias Summons to the Secretary of State for the purpose of service on November 3, 2017. The Secretary of State's Office sent the Alias Summons on November 15, 2017. Plaintiff states that in the event the most recent service is

ineffective, she will retain the services of a professional process server in the State of Georgia. Plaintiff requests an additional sixty days within which to effect service upon the Defendant.

Federal Rule of Civil Procedure 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4. The Court has considered the Plaintiff's request and finds that the Plaintiff has established good cause for an extension of time to serve Defendant Smith. The Court observes, however, that Plaintiff did not include in her Motion the "explicit instructions" to the Secretary of State to serve at the new address. Further, the Court notes that the second Summons that was sent to the Secretary of State contained the previous address of Defendant Smith [Doc. 11-3], instead of the new address. In any event, the Court finds that Plaintiff has attempted service on several occasions [Docs. 9, 11, and 23] and is continuing her efforts to serve Defendant Smith. Accordingly, Plaintiff's Motion for Extension of Time Within Which to Serve Defendant [**Doc. 14**] is **GRANTED**. The Plaintiff **SHALL** have an additional sixty (60) days to serve Defendant Smith.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge